## MARTINEZ v. LOGAN.　(No. 1654.)

(Court of Civil Appeals of Texas. Amarillo.
April 28, 1920. Rehearing Denied
June 9, 1920.)

1. **Adverse possession** ⬥⟹76 — **Title acquired not "title by regular chain of transfer from or under the sovereignty of the soil."**

A grantee of a purchaser at a sale under a trust deed did not have a title acquired "by a regular chain of transfer from or under the sovereignty of the soil," supporting limitation under the three-year statute, where the holder of the legal title to the land before the mortgage lien was foreclosed was not a party to the suit to foreclose.

2. **Mortgages** ⬥⟹497(2)—**Legal owner not affected by foreclosure unless party.**

Unless a party to a suit for foreclosure of a mortgage, the holder of the legal title to the land is unaffected by the foreclosure.

3. **Adverse possession** ⬥⟹89—**Annual payment of taxes necessary under five-year statute.**

Under the five-year statute of limitations adverse possession must be for a consecutive period of five years, coupled with concurrent payment of annual taxes for such consecutive period.

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Suit by P. P. Martinez against Wm. C. Logan. Judgment for defendant, and plaintiff appeals. Affirmed.

W. A. Kemp and Muse & Muse, all of Dallas, for appellant.

Hatcher & Zumwalt, of Dallas, for appellee.

HALL, J. This is a suit in trespass to try title filed by appellant, Martinez, against appellee, Logan, July 28, 1916, to recover certain land described in the petition. By answer appellee pleaded a general demurrer, general denial, and plea of not guilty, and by amended answer disclaimed as to 25 acres of land and set up title by limitation under the statutes of 3, 5, and 10 years. The cause was submitted to the jury upon the issues of limitation. The answers to the special issues were in favor of appellee upon all three issues. By written stipulation, signed by the attorneys and filed, it was agreed that Harry Boswell is the common source of title; that plaintiff's title is under a valid judgment rendered in the justice court of precinct No. 1, Dallas county, Tex., on the 3d day of February, 1891, in the case of Harry Boswell v. James Alexander, No. 162 on the docket of said court, in which cause judgment was rendered for defendant and against plaintiff that execution issue against Harry Boswell, said common source, on which executions were issued in due order; that under the last alias execution a levy was made on April 29, 1901; that on the first Tuesday in June, 1901, the property in controversy was sold to plaintiff and conveyed to him by deed dated June 4, 1901, which was filed for record the same day; that an execution under such judgment was issued July 20, 1891, returned nulla bona by W. F. Marton, constable. The last alias execution was issued on the 24th day of April, 1901, under which the above sale was made. This statement is the basis of appellant's title.

The appellee deraigns title as follows: A deed of trust dated January 8, 1897, and duly acknowledged, from Harry and Scott Boswell, R. H. Woody, trustee, to secure a note for $100 in favor of Cullen & Woody and assigned to H. H. Jacoby, filed for record January 12, 1897. A suit by Harry Boswell v. M. C. Cullen and H. H. Jacoby, numbered 2550, in the district court of Dallas county, filed August 6, 1901, to enjoin said Cullen and Jacoby from foreclosing the above-described deed of trust lien on the property involved in this suit. Judgment in said cause of date October 8, 1901, denying the injunction and decreeing recovery for Jacoby against Boswell and foreclosing the lien on said property. Order of sale under the above judgment was executed on the 16th day of December, 1901, by levying on the premises therein described, and the return of the sheriff shows that the property was sold on the 7th day of January, 1902, to H. H. Jacoby, for the sum of $50. The sheriff's deed conveying the property to Jacoby is dated January 22, 1902, and filed for record June 2, 1902. The appellee herein deraigns title through H. H. Jacoby by mesne conveyances. A detailed statement thereof is not necessary.

[1, 2] It is first contended by appellant that the court erred in instructing the jury as to the three-year statute of limitation and that the affirmative finding of the jury upon this issue is not supported by the evidence. This assignment is sustained. According to the rule announced by the Supreme Court in Burnham et al. v. Hardy Oil Co., 108 Tex. 555, 195 S. W. 1139, appellee did not have "title by a regular chain of transfer from or under the sovereignty of the soil," as required by the statute, and which would enable him to claim under this article of the statute. The sale of the premises by appellant under the justice court judgment and its purchase at said sale, as shown by the stipulation quoted above, divested Harry Boswell of his title. In the foreclosure proceeding, effected in the injunction suit, brought by Boswell against Cullen and Jacoby, appellant was not made a party, and appellant's title was not affected thereby. Browne v. King, 196 S. W. 884; V. S. C. S. arts. 5672–5675. As said in the Browne Case, appellant held the legal title to the land before the mort-

gage lien was foreclosed and not having been a party to the suit his title was afterwards unaffected by the foreclosure.

[3] It is further contended that the court erred in submitting to the jury the issue made by defendant's plea of limitation of five years. This assignment must also be sustained. It is shown without contradiction that the adverse possession of appellee for a consecutive period of five years was not coupled with concurrent payment of annual taxes for any such consecutive period. This has been frequently held to be a necessary element to enable one to hold under the five-year statute.

The contention under the fourth assignment of error is that the evidence does not show clearly and positively that defendant had been in continuous, peaceable, adverse possession of the premises sued for for such time as to enable him to defend under the ten-year statute. The evidence upon this issue is conflicting. That of the several witnesses who testified for plaintiff with reference to the condition of the fences and possession of the land and its cultivation by tenants is unsatisfactory. The testimony for the appellees as to such use and occupancy and as to fences is sufficient to sustain the verdict.

Upon this issue alone, the judgment of the trial court is affirmed.